IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01878-PAB-STV

GLENDON SCOTT CRAWFORD,

    Plaintiff,

v.

MERRICK GARLAND, U.S. Attorney General,
FEDERAL BUREAU OF PRISONS,
COLLETTE PETERS, Director of BOP,
ANDRE MATEVOUSIAN, BOP Regional Direct,
A. CIOLLI, ADX Warden, and
JOHN AND JANE DOES,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 85]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 85 at 23 n.7; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 5, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

### A. Defendants' Motion for Summary Judgment

Defendants Merrick Garland, Colette Peters, Andre Matevousian, and Andrew Ciolli (collectively, the "Individual Defendants") and defendant the Federal Bureau of Prisons ("BOP") move for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a).  Docket No. 54 at 1.  Defendants move for summary judgment on "a number of [plaintiff's] requests for relief that do not appear to be asserted as independent claims, but if the Court construes them as claims, it should grant summary judgment discussing several of those claims as unexhausted."  *Id.*  Plaintiff Glendon Scott Crawford's "requests for relief," which the magistrate judge construes as claims, are "that he should be given access to his mail log without needing to submit a [Freedom of information Act ("FOIA")] request; that the [Special Investigative Supervisor ("SIS")] should provide him reasons why his past requests for advocates have been denied and why future requests are denied; and that he should be given unredacted versions of documents he seeks to acquire."  Docket No. 85 at 8.  The magistrate judge recommends granting defendants' partial motion for summary judgment, assuming these "requests for relief" are claims, because Mr. Crawford failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 (the "PLRA").  *Id.* at 8-9.

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

2

The PLRA directs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532 (2002).[2] A remedy is not exhausted if the prisoner fails to follow prison procedures for pursuing administrative remedies. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). The Supreme Court has interpreted the PLRA as requiring prisoners "to exhaust prison grievance procedures *before filing suit.*" *Jones,* 549 U.S. at 202 (emphasis added). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. This requirement is consistent with the purpose of the PLRA to "eliminate unwarranted federal-court interference with the administration of prisons" and "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford,* 548 U.S. at 93 (quoting *Porter,* 534 U.S. at 525). The Tenth Circuit held that, because exhaustion is "a precondition to *filing* a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon,* 448 F. App'x 862, 863 (10th Cir. 2012) (unpublished).

Mr. Crawford, in his response to defendants' motion for summary judgment, states that he "does not object to motion for partial summary judgment articulated in

---

[2] The exhaustion requirement is an affirmative defense, which defendant bears the burden of proving. *Jones v. Bock,* 549 U.S. 199, 216 (2007); *Roberts v. Barreras,* 484 F.3d 1236, 1240-41 (10th Cir. 2007). Moreover, exhaustion of administrative remedies under the PLRA is a question of law for the Court to decide that "must be resolved by the Court prior to proceeding to trial on the merits." *Drippe v. Tobelinski,* 604 F.3d 778, 781 (3d Cir. 2010).

Document 54." Docket No. 74 at 1. The Court construes Mr. Crawford's response as conceding the appropriateness of entering judgment in defendants' favor. Mr. Crawford also states that "Plaintiff concedes to Defenses [sic] assertions articulated in Document 54." *Id.* Docket No. 54 is defendants' partial motion for summary judgment. Therefore, the following facts are undisputed:

     Mr. Crawford is incarcerated at the United States Penitentiary – Administrative Maximum. Docket No. 54 at 3, ¶ 2. He is subject to special administrative measures ("SAMs") pursuant to 28 C.F.R. § 501.3. *Id.*, ¶ 3. BOP has a four-tiered administrative remedy program for inmate grievances. *Id.*, ¶ 4. First, an inmate must attempt to informally resolve his complaint by filing an informal resolution form. *Id.*, ¶ 5. Second, if the complaint is not resolved, the inmate must file an Administrative Remedy Request within 20 calendar days of the event giving rise to the grievance. *Id.*, ¶ 6. Third, if the inmate is not satisfied with the resolution of his Administrative Remedy Request, the inmate must file an appeal to the Regional Director within 20 days of receiving a response to his Administrative Remedy Request. *Id.*, ¶ 7. Fourth, if the inmate is not satisfied with resolution of his appeal to the Regional Director, then he must file an appeal to the General Counsel of BOP within 30 days of receiving a response from the Regional Director. *Id.* at 4, ¶ 8. An inmate has not exhausted a remedy until he has properly and timely sought review at each level of the BOP administrative remedy program. *Id.*, ¶ 11.

     Mr. Crawford has not submitted any complaints requesting that he be given access to his mail log without having to submit a FOIA request. *Id.* at 7, ¶ 22. He has

not submitted any complaints requesting that SIS tell him why advocates have been refused.  *Id.*, ¶ 23.  Mr. Crawford has not submitted any complaints requesting that "any internal information ordered that's now held out of reach" be provided to him without redactions.  *Id.*, ¶ 24.

It is undisputed that Mr. Crawford did not exhaust his administrative remedies, as they relate to the claims identified by the magistrate judge, before filing suit.  He failed to use the BOP administrative remedy process to pursue his complaints and therefore did not comply with the PLRA.  Defendants have met their burden to show that Mr. Crawford failed to exhaust administrative remedies for his "claims for relief."  Accordingly, the Court accepts the magistrate judge's recommendation that defendants' partial motion for summary judgment be granted.  The Court will dismiss, without prejudice,[3] Mr. Crawford's claims that "request[] that he should be given access to his mail log without needing to submit a FOIA request; that the SIS should provide him reasons why his past requests for advocates have been denied and why future requests are denied; and that he should be given unredacted versions of documents he seeks to acquire."  Docket No. 85 at 8.

### B. Defendants' Motion to Dismiss

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Mr. Crawford's claims asserted under the First, Fifth, and Sixth Amendments to the United States Constitution.  Docket No. 53 at 1-2.  Mr. Crawford seeks both injunctive relief and

---

[3]  Dismissal of unexhausted claims should be without prejudice.  *See Fields v. Okla. State Penitentiary,* 511 F.3d 1109, 1113 (10th Cir. 2007).

money damages. *Id.* The magistrate judge recommends that defendants' motion be granted. Docket No. 85 at 9-23. Specifically, the magistrate judge recommends that Mr. Crawford's *Bivens* claims against the Individual Defendants be dismissed, that Mr. Crawford's First Amendment free speech and access to the courts claim be dismissed (claim one), that Mr. Crawford's Fifth Amendment due process claim be dismissed (claim two), and that Mr. Crawford's Sixth Amendment right to counsel claim (claim three) be dismissed.[4] *Id.* Mr. Crawford has not objected to this recommendation and has not moved to amend his complaint.

The Court finds there is no clear error on the face of the record and accepts the magistrate judge's recommendation that defendants' motion to dismiss be granted. The Court will dismiss these claims with prejudice.[5]

Based on its review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 85] is **ACCEPTED**. It is further

---

[4] Mr. Crawford brought a Fifth Amendment equal protection claim, however, Mr. Crawford requests "to drop claim 4," his equal protection claim, in his response to defendants' motion to dismiss. Docket No. 70 at 14. Therefore, the Court will accept the magistrate judge's recommendation, Docket No. 85 at 13 n.5, and will dismiss this claim as well.

[5] The Court finds that dismissal with prejudice is appropriate because it agrees with the magistrate judge's finding that Mr. Crawford's "complaint fails to state a claim under Rule 12(b)(6)" and finds that "granting leave to amend would be futile." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (citation omitted).

**ORDERED** that Defendants' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) [Docket No. 53] is **GRANTED**. It is further

**ORDERED** that Defendants' Partial Motion for Summary Judgment [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that plaintiff's requests that he should be given access to his mail log without needing to submit a FOIA request; that the SIS should provide him reasons why his past requests for advocates have been denied and why future requests are denied; and that he should be given unredacted versions of documents he seeks to acquire, construed as claims, are **DISMISSED without prejudice**. It is further

**ORDERED** that plaintiff's *Bivens* claims are **DISMISSED with prejudice**. It is further

**ORDERED** that claim one, claim two, claim three, and claim four are **DISMISSED with prejudice**. It is further

**ORDERED** that this case is closed.

DATED February 27, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge