IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01878-PAB-STV

GLENDON SCOTT CRAWFORD,

      Plaintiff,

v.

MERRICK GARLAND, U.S. Attorney General,
FEDERAL BUREAU OF PRISONS,
COLLETTE PETERS, Director of BOP,
ANDRE MATEVOUSIAN, BOP Regional Direct,
A. CIOLLI, ADX Warden, and
JOHN AND JANE DOES,

      Defendants.

---

# ORDER

---

    This matter is before the Court on Glendon Scott Crawford's "Motion Appealing Dismissal" [Docket No. 88], which the Court construes as an objection to the magistrate judge's recommendation.  Defendants filed a response.  Docket No. 89.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.    BACKGROUND[1]

    Defendants moved for summary judgment on the following requests for relief, arguing that, if they are construed as claims, they should be dismissed due to Mr. Crawford's failure to exhaust his administrative remedies: that Mr. Crawford "should be given access to his mail log without needing to submit a Freedom of Information Act

---

[1] A full recitation of this case's facts is provided in the magistrate judge's recommendation.  *See* Docket No. 85 at 2-4.

("FOIA") request; that the Special Investigative Supervisor ("SIS") should provide him reasons why his past requests for advocates have been denied and why future requests are denied; and that he should be given unredacted versions of documents he seeks to acquire." *See* Docket No. 54 at 2 (footnote omitted). Defendants also moved to dismiss Mr. Crawford's claims asserted under the First, Fifth, and Sixth Amendments of the United States Constitution. *See* Docket No. 53 at 2.

On February 5, 2025, Chief Magistrate Judge Scott T. Varholak issued a recommendation that defendants' partial motion for summary judgment be granted on the basis that Mr. Crawford failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") of 1995. Docket No. 85 at 8-9. The magistrate judge also recommended that defendants' motion to dismiss be granted. *Id.* at 9-23. Objections to the recommendation were due on February 19, 2025. *See id.* at 23-24 n.7. No objections were filed. On February 27, 2025, the Court accepted the magistrate judge's recommendation and closed the case. Docket No. 86 at 6-7.

On March 5, 2025, Mr. Crawford filed the instant motion, asking that the Court consider his objection to the magistrate judge's recommendation. Docket No. 88 at 1. Mr. Crawford states that he "mailed his response on . . . Feb. 17, by placing into the prison mail system." *Id.* Mr. Crawford is currently incarcerated at USP Florence ADMAX in Florence, Colorado. *See* Docket No. 26 at 3.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if

2

it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Crawford is proceeding pro se, the Court construes his filing liberally without acting as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

### A.  Timeliness of the Objection

The Court will first determine whether Mr. Crawford's objection is timely pursuant to the prison mailbox rule. The prison mailbox rule was first articulated in *Houston v. Lack*, 487 U.S. 266, 276 (1988), and states that a notice of appeal is considered timely if given to prison officials before the filing deadline, regardless of when the Court receives the document. *Id*.; *Price v. Philpot*, 420 F.3d 1158, 1164–67 (10th Cir. 2005).

3

Federal Rule of Appellate Procedure 4(c)(1) extends the prison mailbox rule to notices of appeal filed in "either a civil or criminal case." *Price*, 420 F.3d at 1164 (quoting Fed. R. App. P. 4(c)(1)). Further, "[t]he Tenth Circuit has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal." *Burnette v. Rhodes*, No. 15-cv-02478-LTB, 2016 WL 345493, at *2 (D. Colo. Jan. 28, 2016) (citing *Price*, 420 F.3d at 1164). "To gain the benefit of the prison mailbox rule, a party must either (1) use the legal mail system or (2) attach a notarized statement or a declaration compliant with 28 U.S.C. § 1746 stating the date the filing was given to prison officials and stating that the filing had pre-paid, first-class postage." *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2022 WL 2763462, at *2 (D. Colo. July 15, 2022) (citing *Price*, 420 F.3d at 1166).

Federal Rule of Appellate Procedure 4(c)(1) states, in part:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

> (A) it is accompanied by:

>> (i) a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or

>> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid.

Mr. Crawford's representation that his objection was timely submitted does not comply with the prison mailbox rule. Mr. Crawford does not provide a declaration that complies with 28 U.S.C. § 1746, which requires that Mr. Crawford declare that his representations are made under the penalty of perjury, attesting to the date of deposit.

4

*See* 28 U.S.C. § 1746.  He does not provide a notarized statement indicating the date

on which he deposited his objection.  Mr. Crawford also does not provide evidence that

his objection was timely deposited.  The only date on the envelope containing Mr.

Crawford's objection is a postmark date of March 3, 2025.[2]  Docket No. 88 at 4.

Accordingly, the Court finds that Mr. Crawford is not entitled to the prison mailbox rule

and his objection is not timely.[3]

### B.  Mr. Crawford's Objections

Even if Mr. Crawford's objection was timely, the Court finds no basis to reject the

magistrate judge's recommendation.  In recommending that Mr. Crawford's First

Amendment right of access to the courts claim be dismissed, the magistrate judge

found that Mr. Crawford failed to allege actual injury because he "fails to provide factual,

non-conclusory allegations of actual injury resulting from allegedly being deprived from

accessing the courts."  *See* Docket No. 85 at 18.  The magistrate judge noted that Mr.

Crawford has no restrictions on his communications with the Lawyers' Fund for Client

Protection of the State of New York (the "Lawyers' Fund").  *See id.*  Mr. Crawford

objects to this finding, arguing that he was "only allowed to contact [the Lawyers' Fund]

---

[2] It is not clear when Mr. Crawford deposited his objection.  While he states on the first page of his objection that he "mailed his response on . . . Monday, Feb. 17th," Docket No. 88 at 1, on the last page of his objection, Mr. Crawford states that he "mailed and submitted on 18 Feb 25."  *Id.* at 3.

[3] "[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule."  *Price*, 420 F.3d at 1165 (citation omitted).  Mr. Crawford does not indicate whether he used the legal mail system or whether one was available to him.  Even if a legal mail system was not available to Mr. Crawford, he nonetheless fails to comply with the prison mailbox rule for the foregoing reasons.

by mail." *See* Docket No. 88 at 2. He claims that mail is an insufficient form of
communication because the Lawyers' Fund "refuses to service [his] claim by mail." *See
id*. Mr. Crawford appears to argue that he can only communicate with the Lawyers'
Fund by telephone or email. *See id.* He claims, however, that USP Florence will not
permit him to call the Lawyers' Fund and that "[e]mail is out of the question." *See id.* at
2-3. The amended complaint does not include these factual allegations. *See* Docket
No. 26. Rather, Mr. Crawford raised these facts for the first time in response to the
motion to dismiss. *See* Docket No. 70 at 6, 15. The magistrate judge could only
consider allegations within the complaint in deciding the motion to dismiss. *Cnty. of
Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002)
("In deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged
within the complaint."). Mr. Crawford "cannot amend [his] complaint by adding factual
allegations in response to Defendant's motion to dismiss." *Abdulina v. Eberl's Temp.
Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).

Even if the complaint did allege that Mr. Crawford's communication with the
Lawyers' Fund is restricted, the Court finds that the amended complaint fails to allege
actual injury in connection to Mr. Crawford's First Amendment access to the courts
claim. As the magistrate judge noted, Mr. Crawford must plausibly allege that the
restrictions on his communications "frustrated or impeded" his efforts to "pursue a
nonfrivolous legal claim concerning his conviction or conditions of confinement." Docket
No. 85 at 18-19 (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)). Mr.
Crawford does not explain how restrictions on his communications to the Lawyers'

6

Funds impede his efforts to prosecute claims regarding his conviction or conditions of his confinement.  In fact, it appears that Mr. Crawford's outreach to the Lawyers' Fund is for purposes of pursuing a civil action.  As noted by the magistrate judge, Mr. Crawford's communications with the Lawyers' Fund appear to be related to a "potential civil theft claim" against Mr. Crawford's former attorney.  *See* Docket No. 85 at 19 n.6.  Mr. Crawford claims that he previously retained an attorney who "destroyed everything" and "confessed to stealing" from Mr. Crawford.  *See id.*; Docket No. 88 at 2.  Mr. Crawford contends that contacting the Lawyers' Fund will allow him "to get some money back to get [his] taxes paid so the taxing authorities don't continue to amass fines and fees."  Docket No. 88 at 3.  Mr. Crawford, however, does not object to the magistrate judge's finding that he has "not alleged that he is currently being criminally charged related to the stolen funds" or in connection to unpaid taxes.  *See* Docket No. 85 at 23.  Therefore, Mr. Crawford fails to plausibly allege that the restrictions in place have "frustrated or impeded" his efforts to "pursue a nonfrivolous legal claim concerning his conviction or conditions of confinement."  *See Gee*, 627 F.3d at 1191.  The Court agrees with the magistrate judge that Mr. Crawford fails to allege that the restrictions on his communications have resulted in actual injury.  Accordingly, the Court will overrule Mr. Crawford's first objection.[4]

---

[4] To the extent that Mr. Crawford challenges the magistrate judge's recommendation that his Sixth Amendment claim be dismissed with prejudice because it is based on a civil action, the Court will overrule that objection.  Mr. Crawford's Sixth Amendment claim is based on his "tale of the attorney he previously retained who 'destroyed everything.'"  *See* Docket No. 85 at 23.  As discussed above, Mr. Crawford has not alleged the existence of a criminal proceeding in connection to the claim against his former attorney.  Therefore, there is no criminal proceeding alleged in the complaint for which Mr. Crawford has a Sixth Amendment right to counsel.

Mr. Crawford argues that his claims "should not be subject to dismissal because [he] proved [his] [Special Administrative Measures] is an exaggerated response to [his] cases." Docket No. 88 at 3. An objection is proper only if it is sufficiently specific as to direct the Court to the factual and legal issues being challenged. *See One Parcel*, 73 F.3d at 1059. Because Mr. Crawford does not specify the basis for his objection or identify the portion of the recommendation that he is objecting to, the Court will overrule this objection.

In his objection, Mr. Crawford argues that a "recently signed executive order" provides a basis for his claims. *See* Docket No. 88 at 3. Mr. Crawford's objection is improper because "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Moreover, as defendants note, the executive order cited by Mr. Crawford states that it is "not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Docket No. 89 at 9-10 (citation omitted).

### C. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

8

IV.    **CONCLUSION**

Accordingly, it is

**ORDERED** that plaintiff Glendon Scott Crawford's "Motion Appealing Dismissal,"

[Docket No. 88], construed as an objection to the magistrate judge's recommendation,

is **OVERRULED**.

DATED January 2, 2026.


BY THE COURT:

    s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge